# <u>EXHIBIT 2</u>

**Declaration of Sara L. Menton**

**In Support of Defendant's**

**Motion for Summary Judgment**

**Case No. 3:23-CV-00181**



188 Inverness Drive W
Suite 600
Englewood, CO 80112
**onebeacon.com**

**VIA FIRST CLASS MAIL, VIA CERTIFIED MAIL- RETURN RECEIPT REQUESTED
and VIA E-MAIL:**  (Phillip.Smith@qorvo.com)

August 17, 2016

Phillip E. Smith, Esq.
Associate Counsel
Qorvo, Inc.
7628 Thorndike Road
Greensboro, NC  27409

RE:    Insured:         TriQuint Semiconductor Inc.
        Policy No.:      711-00-98-39-0002
        Policy Period:   June 1, 2009 – June 1, 2010
        Underwriter:   OneBeacon America Insurance Company
        Matter:       Pedro Domion, Ashley Domion and Ashley Domion as Guardian
                    Ad Litem for Nicholas Domion v. TriQuint Semiconductor, Inc.
        Date of Loss:   July 4, 2009
        Claim No.:     0AB170997

Dear Mr. Smith:

This letter provides the coverage determination for the above-referenced Domion litigation.  As we have discussed, I am the claims consultant assigned to handle this matter on behalf of OneBeacon America Insurance Company, a member of the OneBeacon Insurance Group (collectively, "OneBeacon").  My contact information is listed at the end of this letter.  All future correspondence should be directed to my attention using the above-referenced claim number.

We have reviewed the Complaint filed by Pedro Domion, Ashley Domion and Ashley Domion as Guardian Ad Litem for Nicholas Domion (collectively, "Plaintiffs") and the above-referenced Policy issued to TriQuint Semiconductor, Inc. "(TriQuint") by OneBeacon America Insurance Company.  Based on our review, we regret to inform you that OneBeacon is not obligated to provide TriQuint with a defense to the Complaint or to indemnify TriQuint for any damages which may be sought by Plaintiffs under the Complaint.  The reasons for our coverage determination follow.

Our coverage analysis is based on the language of the above-referenced Policy and on the allegations made by Plaintiffs in the Complaint.  We realize that you may dispute the allegations being made by Plaintiffs.  Please note that in referring to these allegations, OneBeacon does not mean to imply that any of them are true, but we must refer to them in making our coverage determination.

Exhibit 2
Page 1 of 10 ASIC000589

August 17, 2016
Claim No. 0AB170997
Page 2

However, please note that if Plaintiffs amend the Complaint, you should notify me immediately so that OneBeacon can review whether coverage exists under the above-referenced Policy for any such amended complaint.

## THE COMPLAINT

In order to evaluate and investigate this matter, a summary of the allegations being made against TriQuint are provided below.  Please advise me if this summary contains any inaccuracies regarding the allegations being made.  The summary is not intended to be exhaustive or exclusive.  If you believe that we have not accurately described the allegations and corresponding documentation or if you believe there is additional information that could affect the insurance coverage issues raised by this matter, please advise me accordingly.

Per the Complaint, TriQuint owned and operated a semi-conductor manufacturing facility where Plaintiff Pedro Domino worked as an employee.  While working for TriQuint, Plaintiff Pedro Domion was required to use, to come in contact with, or work in proximity of various chemical products and substances that were utilized in the manufacture of semi-conductor products or components.  These chemical products and substances which are more fully described in the Complaint included, but were not limited to, radio frequency radiation and ionizing radiation.

Per the Complaint, these chemical products and substances were prescribed, specified and/or approved for use by TriQuint and that as a result of his work, Plaintiff Pedro Domino had repeated and prolonged contact with and exposure to some or all of the chemical products and substances.  In particular, due to TriQuint's wrongful conduct, Plaintiff Pedro Domion was exposed to and/or affected by reproductively toxic, genotoxic, mutagenic, hazardous, and teratogenic chemicals including the chemical products and substances listed in the Complaint and due to this exposure to Plaintiff Pedro Domion, Plaintiff Nicholas Domion, the minor son of Plaintiff Pedro and Ashley Domion, has sustained injuries and/or damages including, but not limited to, (a) 9P chromosomal deletion; (b) cranial stenosis; (c) undescended testicles; (d) heart defects; (e) mental and cognitive impairment; (f) internal injuries; and (g) other injuries and damages which are more fully described in the Complaint.

Based upon these allegations and as more fully set forth in the Complaint, Plaintiffs assert a negligence claim, an intentional tort claim, a strict liability claim, a breach of an assumed duty claim, and a parental loss of consortium claim against TriQuint.

In the Complaint and the Prayer for Relief, Plaintiffs request punitive damages; economic damages; non-economic damages; parental loss of consortium; costs; disbursements; pre- and post-judgment interest; and all other appropriate relief.

In this regard, please be advised that punitive damages may be uninsurable under certain circumstances if the applicable law and/ or public policy bar such coverage at the time such damages are awarded.  To the extent such an award for punitive damages is rendered, OneBeacon reserves its rights to deny coverage for such damages under the above-referenced Policy and applicable state law.

Exhibit 2
Page 2 of 10  ASIC000590

August 17, 2016
Claim No. 0AB170997
Page 3

## THE COMMERCIAL POLICY:  CG 00 01 12 07 FORM

OneBeacon America Insurance Company issued a @Vantage for Information Technology Premier policy to TriQuint which was in effect from June 1, 2009 to June 1, 2010 (the "Policy").[1]  The Policy provides commercial general liability coverage with limits of liability of $1MM each occurrence, $1MM personal and advertising injury, and $2MM general aggregate. The Policy provides umbrella coverage with limits of liability of $5MM each occurrence and $5MM general aggregate.

## Coverage A – Bodily Injury and Property Damage Liability

The Policy contains the Commercial General Liability Form, CG 00 01 12 07, which provides, under Coverage A – Bodily Injury and Property Damage Liability, as follows:[2]

> ### COVERAGE  A -  BODILY  INJURY  AND  PROPERTY  DAMAGE  LIABILITY
>
> **1. Insuring Agreement**
>
>> a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damages" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .*
>>
>> \* \* \*
>>
>> b. *This insurance applies to "bodily injury" and "property damage" only if:*
>>
>>> (1) *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*
>>> (2) *The "bodily injury" or "property damage" occurs during the policy period; and*
>>
>> \* \* \*

As noted in the above-cited language, certain terms used within the Policy and shown in quotation marks have specific meanings.  The definitions of these terms are found in Section V – Definitions, beginning at page 11 of the Commercial General Liability Form.  The terms which appear to be applicable are "bodily injury," "occurrence," "pollutants," and "property damage:"

---

[1]  The relevant terms and conditions of the Policy are identical to the commercial policy issued to TriQuint for the prior policy period of June 1, 2008 to June 1, 2009.

[2]  The relevant terms and conditions of the commercial general liability and commercial umbrella coverages are substantially similar.  Accordingly, only the commercial general liability language is quoted.  If you would like a full recitation of the relevant commercial umbrella language, please advise me and OneBeacon will be happy to provide that policy language.

Exhibit 2
Page 3 of 10 ASIC000591

August 17, 2016
Claim No. 0AB170997
Page 4

### SECTION V - DEFINITIONS

\* \* \*

3.  *"Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time.[3]*

\* \* \*

13. *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

\* \* \*

15. *"Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.*

\* \* \*

17. *"Property damage" means:*

    a.  *Physical injury to tangible property, including resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

    b.  *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

    *For the purposes of this insurance, electronic data is not tangible property.*

    *As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.*

\* \* \*

Plaintiffs' claims do not assert any "property damage" caused by an "occurrence" as these terms are defined in the Policy.

---

[3] The definition of "bodily injury" found in Form CG 00 01 (04/13) is modified by Form VCG 205 (07/09) — @vantage For General Liability.

Exhibit 2
Page 4 of 10    ASIC000592

August 17, 2016
Claim No. 0AB170997
Page 5

In addition, Plaintiffs' claim for parental loss of consortium claim does not appear to assert any "bodily injury" as this term is defined in the Policy and, insofar as it does not, coverage for this parental loss of consortium claim may not exist under the Policy.

Further, to the extent that Plaintiffs' claims do constitute "bodily injury" as defined by the Commercial General Liability Form, in order for liability coverage to exist for "bodily injury" under the above-quoted insuring agreement, the "bodily injury" must have been caused by an "occurrence."  As set forth above, the term, "occurrence," is defined as "an accident" including "continuous or repeated exposure to substantially the same general harmful conditions . . ." Insofar as the Complaint alleges conduct by TriQuient that does not constitute an "accident," coverage for Plaintiffs' claims may not exist under the Policy.

Moreover, to the extent that Plaintiffs' claims constitute "bodily injury" caused by an "occurrence," which is expressly denied, the Policy, beginning at page 1 of the Commercial General Liability Form, contains the following exclusions:

*2. Exclusions*

*This insurance does not apply to:*

a. *Expected Or Intended Injury*

*"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

\* \* \*

d. *Workers' Compensation and Similar Laws*

*Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.*

e. *Employer's Liability*

*"Bodily injury" to:*

(1) *An "employee" of the insured arising out of and in the course of:*
   (a) *Employment by the insured; or*
   (b) *Performing duties related to the conduct of the insured's business; or*

(2) *The spouse, child, parent, brother or sister of that "employee" as a consequence of the insured is obligated to pay damages by Paragraph (1) above.*

*This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must because of the injury.*

Exhibit 2
Page 5 of 10  ASIC000593

August 17, 2016
Claim No. 0AB170997
Page 6

This exclusion does not apply to liability assumed by the insured under an "insured contract".

**f.  Pollution**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.  However, this subparagraph does not apply to:

(i) "Bodily injury" if sustained within in a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building;

(ii) "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

(iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

(i) Any insured or;

(ii) Any person or organization for whom you may be legally responsible; or

(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor.  However, this subparagraph does not apply to:

(i) "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fluids, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the

Exhibit 2
Page 6 of 10 ASIC000594

August 17, 2016
Claim No. 0AB170997
Page 7

> *intent that they be discharged, dispersed or released as part of the operations being performed by such insured contractor or subcontractor;*
>
> **(ii)** *"Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or*
>
> **(iii)** *"Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".*
>
> **(e)** *At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants".*
>
> **(2)** *Any loss, cost or expense arising out of any:*
>
> **(a)** *Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants", or*
>
> **(b)** *Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".*
>
> *However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.*

* * * *

To the extent that Plaintiffs' claims constitute "bodily injury" arising out of an "occurrence," which is expressly denied, the above-quoted "employer's liability" exclusion bars coverage for any such claims.

In addition, to the extent that Plaintiffs' claims constitute "bodily injury" arising out of an "occurrence," which is expressly denied, these claims may also be barred by the above-quoted "expected or intended" exclusion, the "worker's compensation" exclusion, and/or the "pollution" exclusion.

Further, the Policy contains an endorsement that may also bar coverage for Plaintiffs' claims. Please review Policy Change 1 of the Policy which states, in pertinent part, as follows:

> *ELECTROMAGNETIC RADIATION - EXCLUSION OF COVERAGE*
>
> *This endorsement modifies insurance provided under the following:*
>
> *COMMERCIAL GENERAL LIABILITY COVERAGE PART*

Exhibit 2
Page 7 of 10    ASIC000595

August 17, 2016
Claim No. 0AB170997
Page 8

> *This insurance does not apply to bodily injury, property damage, personal injury or advertising injury arising out of or allegedly due to exposure to or contact with Electromagnetic Radiation.*
>
> *The Company has no obligation under this insurance:*
>
> *1)  to investigate, defend or settle any claim or suit against any insured alleging actual, threatened, perceived, latent, sudden and accidental or intentional injury of any kind or nature or damage of any kind or nature to persons or property which arises out of or is alleged to have been caused by or contributed to by the exposures to or contact with the existence of Electromagnetic Radiation.*
>
> *2)  to pay any damages, judgments, settlements, loss penalties, assessments, apportionments, costs or expenses including damages mandated, required or ordered by local, state or federal statute and/or legislative action and/or damage as stated in (1) above or in complying with any action authorized by law, and relating to such injury or damages.*
>
> *The definition of Electromagnetic Radiation includes but is not limited to magnetic energy, waves, fields, or forces generated, produced, distributed, transmitted or maintained by the charges, currents, frequencies, energy or forces of electricity that is generated, flowing or otherwise transmitted through or by way of the medium, methods and equipment designed to generate, produce, distribute, transport or transmit the electrical charges, currents, frequencies, energy or forces.*

To the extent that Plaintiffs' claims constitute "bodily injury" arising out of an "occurrence," which is expressly denied, the above-quoted "electromagnetic radiation" exclusion may bar coverage for any such claims.

## Coverage B – Personal and Advertising Injury Liability

Under Coverage B – Personal and Advertising Injury Liability section of the Commercial General Liability Form, the Policy also provides, in pertinent part, as follows:

> *COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY*
>
> *1.  Insuring Agreement*
>
> *a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:*
>
> *(1)  The amount we will pay for damages is limited as described in Section **III -** Limits of Insurance; and*
> *(2)  Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.*

Exhibit 2
Page 8 of 10  ASIC000596

August 17, 2016
Claim No. 0AB170997
Page 9

> *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments—Coverages* ***A*** *and* ***B.***
>
> ***b.*** *This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.*

* * *

Certain terms used within the Policy and shown in quotation marks have specific meanings. The definitions of these terms are found in Section V – Definitions, beginning on page 11 of the Commercial General Liability Coverage Form. Terms which appear to be applicable are:

* * *

> ***14.*** *"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*
>   ***a.*** *False arrest, detention or imprisonment;*
>   ***b.*** *Malicious prosecution;*
>   ***c.*** *The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf its owner, landlord, or lessor;*
>   ***d.*** *Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;*
>   ***e.*** *Oral or written publication, in any manner, of material that violates a person's right of privacy;*
>   ***f.*** *The use of another's advertising idea in your "advertisement"; or*
> ***g.*** *Infringing upon another's copyright, trade dress or slogan in your "advertisement".*

* * *

Plaintiffs' claims do not constitute "personal and advertising injury" as defined above. Therefore, Coverage B. of the Commercial General Liability Form does not apply.

**CONCLUSION**

Based upon the foregoing, OneBeacon is unable to provide defense or indemnity coverage under the Policy for the claims being asserted by Plaintiffs in the Complaint against TriQuint Semiconductor, Inc. By citing the above provisions in the Policy, we wish to again advise you that the Policy provides coverage subject to its definitions, exclusions, conditions and terms. There may be other reasons why coverage does not apply which have not been set forth above and OneBeacon reserves its right to invoke other policy provisions which may affect coverage.

We regret we are unable to provide coverage to TriQuint Semiconductor, Inc. for Plaintiffs' claims at this time. However, if Plaintiffs amend the above-referenced Complaint, you should notify us immediately so that we can review whether coverage exists under the Policy for any such amended complaint.

Exhibit 2
Page 9 of 10  ASIC000597

August 17, 2016
Claim No. 0AB170997
Page 10

In addition, if you have any additional information or if you are aware of any legal authority that is contrary to OneBeacon's position, please notify me immediately in order for OneBeacon to reconsider its position in this matter.

Finally, please be advised that if you believe that your claim has been wrongfully denied or rejected, you may have the matter reviewed by the:

Department of Consumer and Business Services
Oregon Insurance Division
P.O. Box 14480
Salem, OR 97309-0405
Street Address:
350 Winter Street NE, Room 440
Salem, OR 97301
Phone: 503-947-7980
Fax: 503-378-4351

Very truly yours,

Amelia L. Klemme
Claims Consultant
OneBeacon Insurance
T:  (303) 531-3925
F:  (866) 488-9471
aklemme@onebeacon.com

CC:

Kathy Knutson and Phillip Gale
Willis Towers Watson
16220 N. Scottsdale Road, Suite 600
Scottsdale, AZ  85254
(via e-mail only:  kathy.knutson@willistowerswatson.com and
phillip.gale@willstowerswatson.com)

Exhibit 2
Page 10 of 10  ASIC000598